which is the penalty argument as it applies to Fannie Mae 2nd. You may call the first case. The next case. Good morning. May it please the court. My name is Thomas Heffron. I represent two of the named defendants below Bank of America and Wells Fargo. I'm also arguing on behalf of all of them. I'd like to preserve three minutes for rebuttal if I may. Your honors, the district court erred in this instance we believe by concluding that Kentucky's statutes require recording of a mortgage assignment when there in fact was no assignment ever made either as a matter of law or as a matter of fact. As your honors know, this case is here on a 1292 petition granted by this court primarily based on the fact that while Judge Caldwell denied the motion to dismiss filed in our case, Judge McKinley on the very same afternoon granted a motion to dismiss a very similar case raising the exact issue. What is the exact language in the Kentucky law that you think we have to construe here? The statute says this is section 382.360 subsection 3. When a mortgage is assigned to another person, the assignee shall file the assignment for recording with the county clerk. And there's a related provision in 382.365 subsection 2 which says an assignee of a lien on real property shall record the assignment in the county clerk's office. Both those provisions go on but that's the meat of those two provisions enacted at the same time in the same public act. The language is when a mortgage is assigned to another person, the assignee shall file the assignment for recording with the county clerk. And the question then is whether when there is a transfer of a promissory note that is an assignment of a mortgage or not. That's the threshold question. That's the bottom line question. That's the bottom line question to the first of the two arguments. That's correct, Your Honor. And as Your Honor has... You would agree there is an assignment of an equitable interest. Absolutely. I believe... Distinguishing between an equitable interest and a legal interest. That's correct. As this court even in Christian County said, the transfer of a note transfers an interest in the mortgage. And the Ellington said the same thing, Judge McKinley. That's because the mortgage is being held by a trustee? In any event, no matter who the mortgage is being held by, that person becomes in effect at that juncture a sort of a trustee for the benefit of the note holder. And so the interest that is transferred is the beneficial interest in the trust or in the mortgage. In the mortgage, the beneficial interest in the mortgage. It's a trust arrangement. It can be a sort of a trust. I've got to find the equitable interest somehow. So I'm just trying to fit it into equitable interest. And the only one thing I can think of is it's a trust. Effectively, what the cases say is that at that point, if the note has been assigned but the mortgage has not, then the mortgagee is holding it for the benefit of the note holder. And if the note holder would like to realize on the security, the mortgage holder is obligated to do what's necessary to actually prosecute the foreclosure. Or a court can order the mortgagee to do that. But nonetheless, the mortgagee remains in legal title at that point because there has been no assignment. Kentucky law is clear that an assignment is a transfer of legal title. And that's what an assignment is under Kentucky law. We cited the wool growers in the McEwen case. And since in this situation, when there's been an assignment of a note, since there has not been a corresponding transfer of legal title of the mortgage, there has been no assignment. What do you do with the legislative history that gets cited, which seems to suggest that this language, which was passed fairly recently, right? 2006? 2006. Was designed to make it easier to pay off your notes. And this wouldn't really help that. That's the argument as I understand it. Is that there's this interest that the Senator thought he was obtaining, and this language doesn't accomplish that. What do you do with that argument? Sure. The language does accomplish it in many instances. Because in many instances, there will be both a note assignment and a mortgage assignment executed and delivered at the same time. But in some instances, there's not. The courts have always, Kentucky courts have always recognized that you can sometimes have a note holder and a mortgagee be different people. That's, of course, why the principle was established about beneficial interest. There wouldn't be those cases about beneficial interest if you didn't have instances where you had different people holding those. This language, you say accomplished it. It just didn't accomplish it in the situation, in the MERS type situation. Precisely right. And there's several reasons for that. With respect particularly to MERS, there wasn't a need to accomplish it in the MERS situation because the MERS mortgage, and it's in the record, specifically says that MERS will be the mortgagee for the benefit of the lender and the lender's successors and assigns. So MERS will act for whoever happens to be the subsequent note holder and other note holders down the line. So there's not a concern that somehow people won't be able to figure out what to do. Furthermore, the reason why this legislation doesn't cover every instance is because there are instances where a mortgage is not assigned but a note is assigned. And to give an example, notes can be pledged. Mortgages sometimes secure more than one note. So a mortgage might not be transferred when a note is transferred because there are several notes it's securing. You're saying also that the homeowner who has got a mortgage on the property always is going to be informed as to who holds the note. Correct. Because that's the person that's got to pay. Correct. You get your monthly statement, all of us who have mortgages, you get your monthly statement every month that says pay this person, write your check. That's just because of the way MERS does things? No, that's because of federal law actually at this point. Federal law, which forces MERS to do things. MERS works within the context of federal and state law. But there are also federal laws that actually permit you to find out separately. Even if you aren't getting your monthly mortgage statements or for some reason you doubt whether they're accurate, you can actually directly ask the person who is sending you the statements, and they're required to tell you who actually owns the note. So the situation we have here is we have 200 years of case law, 150 years of case law in Kentucky, which state that an assignment, if the assignment of the mortgage is not done at the time of the note, the mortgagee holds it in trust for the beneficial interest of the note holder. We have Kentucky law that says an assignment is the transfer of legal title, and so the factual scenario simply doesn't fit. It doesn't trigger the statute. The obligation is not triggered. Did you say that Kentucky law, case law, is that when you refer to assignment of a mortgage, it refers only, as the court has said, only to the legal interest and not the beneficial interest? I think more precisely, the Kentucky case law says that a mortgage assignment, an assignment is a transfer of legal title. Obviously, you oftentimes can have an assignment. You usually will have an assignment that transfers all ownership interests, all title and such. In these cases, are they distinguishing between legal and equitable title as a holding or as a matter of focus? Yes. Or is it just the idea legal in the general sense of the word? Yes. For example, Your Honor, the wool growers case, Chambers v. Wool Growers, was a situation where there was a mortgagee who was of title, and then the note holder was a different person. And the note holder attempted to foreclose, and the court held that both parties were necessary, both the mortgagee and the note holder were necessary parties to the foreclosure because there had not been a transfer of legal title. And therefore, legal title remained in the hands of the mortgagee, even though the benefit of that instrument was the note holders. And so you can have them separate. And when the legislature acted very recently in 2006 and chose to say that we're going to require recordation of something, and it said the assignment, it was picking up on that case law. It did not say you have to create a document to record every transfer of any interest in the mortgage. It said you have to record if there has been an assignment, the assignment of the mortgage. And that gets to our second point, which is the legislature specifically said that when a mortgage is assigned, which we believe means the whole thing, a party must record, file, and record the assignment. Those are words that clearly refer, we say, to a physical document, an instrument, the assignment. And in this instance, in all these instances involving MERS, there isn't a physical mortgage assignment. Do you think the legislative body or the committee or whoever was in charge of this legislation understood these distinctions between an equitable interest in the hands of the note holder versus the legal interest in the hands of the holder of the mortgage? Well, I think they're presumed to.  Big presumption. Sure. I guess what I would say is this. When you're talking about interest in land, the statutes, as we point in our brief, contain lots of situations where they talk about equitable interests, and other situations they don't. I think a common understanding of a legislator would be that if you're talking about a transfer of an interest, sometimes you can get all of it, sometimes you can get part of it. I think they probably do understand that. And in this instance, they said when a mortgage is assigned, and people often have mortgage loans, they think a mortgage, they know what a mortgage is. When a mortgage is assigned, then you have to record the assignment. And they didn't say when a mortgage or any part of it is assigned. Could you address briefly the part then, as I understand it, there's a portion that says that you don't have to record assignments of notes. Is that in the same subsection, or is there a way that we can be confident that that distinction between mortgage and note was intended or should be so interpreted? The note section is not in the same subsection. The note section is in Section 290 of Chapter 382, and it's been on the books since World War II. So it has a very different lineage. And that section has always been permissive, and it says if you would like to record the note interest, you can. So do you think that they, I mean, because to me at least, the sort of exclusio unius is a sort of a strong argument on your side, but then it raises the question when they amended these amendments in 2006, did they remember the part about not recording notes, or is there any legislative history or argument? As I say, to me the strong argument would be if they knew the difference, do you have anything to support that, or is it just that's the way you lucked out? I wouldn't say it's how we lucked out. I would say that what they were trying to do in 2006 was pass a statute about mortgages because the concern was releases, and one releases mortgages, not notes. And so they're in parallel, but no, there's no suggestion that they were considering. I think when you come to mortgages, it's a technical subject. If they didn't understand, they should have asked somebody. Right. I guess I would presume that they did ask someone at the time, and that's why we ended up with the statute. Thank you, Your Honor. Thank you, Counsel. May it please the Court. Mr. Heflin, my name is Trip Redford. We represent the Appellees in this particular matter. First off, I would note that as an interlocutory appeal, this one is interesting because it arises from the denial of the appellant's motion to dismiss. So I don't know whether that gives us more free reign to talk about facts that are not in the record or less free reign to talk about facts that are not in the record. With this particular case, because it arises from two statutes in Kentucky, we've tried to limit our arguments before, during, and since to those two statutes. Yes, 382.360, 382.365 are the operative statutes. You've addressed a little bit of it, but it's awfully hard to get around the language of those statutes, whether you want to talk about grammar rules or whether you want to talk about context. When you talk about subpart 3 under 360, when it says, When a mortgage is assigned to another person, the assignee shall file. You've hit on several of the points already that I think are interesting that we can counter easily. I'll start with the last one. When you raised the question, I believe, Judge Merritt, about the note statute being permissive, that's accurate. Judge Boggs, yes, you're exactly right, but if you notice, that statute deals with the assignee's obligations, not the assignee's obligations. With 360 and 365, we're dealing with the assignee's obligations, shall file. So that addresses and disposes of that issue. The question I've got here is, how does what you're arguing help the homeowner? It may help them in this case, but in general, the situation is we've created a mirrors, mirrors, mirrors way of doing business, and they hold it as a trustee or something along that line. But I don't see how an interpretation along the lines you're asking for in a general way would assist the homeowners. Homeowners know who they've got to pay. They know that there's a mortgage on the property, and I don't see how this really helps them. Well, it helps them not just for the homeowner to know, but for the public to know that their records are accurate and complete in the county clerk's office. The first problem that you have is when you go to the county clerk's office and pull a mortgage, pull a deed and look at the mortgage, it says— Well, that's always true if you don't have to register a particular document. Most documents, contracts are not registered. Well, in Kentucky— I mean, in land law, documents are registered. Well, in Kentucky, historically, a separate statute in 382 requires all mortgages to be put to record. So there's your first mortgage gets put to record. That's why it's there. Now what's happened in 06— The note is transferred. Well, yes, focus on the note. It gets transferred. And as the case law sets out, and Judge Caldwell did a thorough and complete analysis, she makes clear that the transfer of the note transfers the mortgage. So her opinion, which should be affirmed, she addresses the two issues. The one is that MERS wants to argue, hey, we elect to not prepare an actual paper, therefore we don't have to comply with this statute that says shall file. We don't have a paper. If you don't have a paper, you can't file a nonexistent paper. I don't think that argument works with the tax boys when you're supposed to be filing your tax returns. The second argument she addressed was as a matter of law, transfers that occur, as a matter of law, without a paper. And she addressed this thoroughly to show that either way you do it, with paper or without, as a matter of law in Kentucky, when you transfer the note, that mortgage is being transferred with it, and you still shall comply with this law that requires you to make that clear in the county clerk's office. And that's really the crux here, isn't it? Because if that's wrong, if the transfer of the note doesn't transfer the mortgage, then there is no requirement to record. Well, there's still a requirement to record the transfers of mortgages, clearly the assignments of the mortgages, but who wants a mortgage? I mean, you're transferring all the burdens. I have to go in four sides to go deep. I'm just focusing in terms of what question we're answering. The proposition you just stated, which is what Judge Caldwell said, that's really the crucial proposition, isn't it? I agree with you. And the way she framed it clearly in her opinion, the issue in this case is whether under Kentucky law when a MERS member assigns a promissory note to another MERS member, that note assignment affects an assignment of the mortgage that must be recorded. That's how it's framed. That's what she says, but if you transfer real estate or other assets into a trust that has beneficiaries who are to be paid by the trustee out of the trust, and if one of the beneficiaries dies or something happens, gives or assigns the beneficial interest in the trust, you don't usually record that. That is, those kinds of beneficial interests growing out of a trust when they're transferred around among beneficiaries or beneficiaries that for whatever reason they're not normally recorded. Well, it appears they should do differently since 2006 in Kentucky. So you're saying every trust, every time there is a rearrangement of the beneficial interest under the trust by the beneficiaries has got to be recorded? Is that what you're saying? I'm following the statute. When a mortgage is assigned to another person, it seems clear that that's what should happen. Now, whether they choose to do that or not… So any trust that holds, it wouldn't be every trust, but every trust that has mortgages is going to be subject to… You've got real estate. Correct. Interest coming from real estate. Correct, correct. And again, you're keeping your land records clear, accurate, and complete, the purpose of the statute. And I would note a distinction that was somewhat raised as a council mentioned the release provisions within this same statute. Well, the failure to timely release, that's not the issue before the court, but I think it's important to note that that language predated the 2006 amendment that specifically deals with the assignment issue. With respect to the specific arguments that they've made, the first one that they have no duty to record because there's no physical document, I've addressed that. The other argument in their brief that they've raised is that the statute only applies to those who have paid off their loans and could not get a timely release. That's kind of dancing between the language of the statute and really I don't think can be reconciled in any logical sense, whether you take it in context or whether you follow your rules of grammar. I wanted to ask you about that, Mr. Redburn. I'm looking at these two statutes, 360 and 365. The cause of action, I guess, is provided where in 360 sub 3? 365 sub 11 gives you the action to recover damages. 360 tells you what you're obligated to do and addresses failure. My question is this. Did you allege damages other than the $500 minimum? Right. We've amended based upon the court's ruling and set forth that they're entitled to the $500 minimum under the statute. Right. So to get the $500 minimum, you have to have sub 5 apply. Is that correct? No. Well, is the $500 minimum in the last sentence of sub 5? You are on 365 sub 5. Yes. Yes, and it says damages under this sub section for failure to record an assignment, pursuant to, and now we're going to jump back to 360 sub 3, shall not exceed three times actual damages plus attorney fees, court costs, but in no event less than $500. Is there anywhere else in the statute that talks about $500 and no less that's relevant to you? No, these are the two. And that crosses back. The damages no less than $500 only apply to damages under this sub section, which I take to be 5. I'm wondering what the answer to that is because on its face, sub section 5 appears to apply to lien holders where there's a continuation of a failure to release a satisfied real estate lien without good cause. And then later it says the lien holder, which presumably the rules of grammar and all that, refers to the lien holder that's mentioned in the previous sentence. That's right. So, therefore, it's only damages under this sub section to which an amount not less than $500 applies. What's wrong with that? That's an argument they make, isn't it? Yes, but that's because you leave out the pursuant to 382 360 sub 3. That's under this sub section for doing that. It says damages under this sub section for failure to record an assignment pursuant to 363 sub 3. So you have to read the whole sentence and take it in context. I won't defend. Under this sub section, I would think the normal reading. I'm starting to intuit what you're suggesting here, but certainly that didn't even occur to me when I read this. Damages under this sub section for failure to record a provision pursuant to some other section shall not exceed 3 times. So, sure, you have the obligation under the other section, but it's damages under this sub section. And this sub section talks about damages. It talks about damages when certain things happen, which you haven't alleged happened here. That's my question, anyway. You see what my question is? Almost. It's much like torts class in 1989. Almost. I asked confusing questions back then, too. That's right. So what I see is these two statutes work in conjunction. 365 specifically in its title says that this is damages. So I understand why they put damages in 365 and why damages are not specifically in 360. 360, if you look at the title, it's assignment of mortgages. 365 deals with assignment of liens. So you have to consider both of these together in order to get the impact of what exactly is going on when it is the difference between a failure to file the assignment versus the failure to timely release a paid mortgage or paid lien.  I guess you're saying, if I understand you correctly, that this last sentence here, instead of saying damages under this sub section for failure, means we are hereby providing for damages under this sub section for failure to record an assignment under. That's kind of the meaning that you're... That's the meaning it has to have. But it has to have. Well, why couldn't it have damages that we've been talking about already, which result... which are for failure to record... Oh, I see. Any reason to not just have stricken under this sub section, damages for failure to record an assignment shall not exceed. Wouldn't that be a better reading, or writing at least? I think it would be better, and that's probably why our legislative research commission always can stand some improvement in their grammar rules. You think it would be better if it said damages. Probably the legislator is not the LRC. I would probably prefer that it just be over in the other statute, to be honest, but I can deal with both of these because I understand the way things were brought together. The last question, I didn't catch it. You're saying what if we left out the words under this sub section, under his interpretation would be identical, right? How do you deal with that? Correct. That your interpretation renders the under this sub section surplusage. It could be called surplusage, but I think it also could tie back to the fact that it's saying damages under this sub section because it is called damages up here. I understand your answer. Thank you. Thanks, Judge. We believe that the decision of Judge Caldwell should be affirmed. Thank you. Thank you, counsel. Mr. Hefferon, you have your three minutes for rebuttal. Thank you. Picking up on the questions that were just discussed, the plaintiffs concede that the section, the quote, under this sub section part of Section 5 is surplusage or needs to be construed as surplusage in order for their statutory reading to work. And it's not surplusage. It is a decision by the legislature to allow damages for failure to record assignments only in the instance where there was a failure of the lien holder to release the lien. You sort of make that argument as a part of your argument that there's no cause of action. I wonder if it really fits as part of an argument that there's no cause of action,  you could have a cause of action and nothing in the statute about damages, right? I guess it was triggered because they allege only damages. So their current complaint is that they're entitled to So the argument more precisely stated would be not that they failed to state a cause of action, but that they haven't alleged customizable damages under the statute. They haven't alleged an element. And one of the elements being that they attempted to release. They notified the lien holder. The lien holder still didn't release. And as a result, they had damages. If they came in with somebody who did have some damages, you know, somebody comes in and says there's a cloud on your title and you've got to pay your law firm $1,000 or $100,000 to release it, then they would have a private right of action because now they're damages. Assuming that they meet the other requirements, including having a notice. Sure, sure. Absolutely, yeah. It's fairer than saying there's no private right of action at all. Correct. And it makes sense because remember what they were trying to do? They were trying to deal with the fact that some lien holders were not, in fact, doing the right thing in releasing the lien. And so, therefore, it provides for the ability to get people to do it. And then if they don't do it, then at that point, yes, you should have damages. And it shouldn't arise in the abstract, as the plaintiffs attempt to do here, with any instance where someone has failed to record an interest in the mortgage that somehow one might argue should arise. Let me ask you this question, if I may. Go ahead. Are you finished? I am. Other than the case law, which you mentioned in your earlier argument, is there language in the statute itself that you think recognizes the distinction between the type of interest that is the equitable interest that is transferred with a note, interest in the mortgage? Any language in this statute itself which would indicate a distinction between the equitable and the legal interest? In this particular statute, I would say the language is the phrase when a mortgage is assigned, that's in 360, Section 3. And in 365, the language is a lien on real property. By use of the Article A, we would suggest that that suggests we're talking about the entire thing, not part of it. There's other language, 4 and 5, or 5 at least, that talks about the note that is transferred. You don't find anything in that language particularly that would distinguish between the two types of interest? Well, I would say that if you look at 360, Section 5, and it says nothing shall require a release of a mortgage when it secures more than just the one note that's been released, that would suggest as well it would support the reading that we're talking about the entire thing. That all this statute is intended to do is to deal with what happens when the entire thing, a mortgage, is assigned. It's not supposed to do more than that. You're saying that 5 has a distinctive section on notes. 5 relates to the situation when you have a single mortgage securing several notes. And the legislature is saying when you release note number 1, but notes 2 and 3 still exist, you don't need to release the mortgage. That supports the view that what this statute is meant to address, both these statutes are meant to address, is a situation when the entire mortgage is assigned, or in this instance, released. Could I ask one more question? Sure. You removed this case, right? I don't recall whether it was removal or original filing. I apologize for your honor. Well, I took a quick glance. It looks like it was a capital removal. Okay. Are there lots of other cases that are raising this issue? We see that two were decided on the same afternoon. No, your honor. Kentucky is unique. Oh, I mean in Kentucky. That's what I'm saying. It's unique, and as far as I know, just the two cases. Just these two cases. As far as I know. I guess I'm a little concerned that some cases have been brought in state court and some in federal court. We could exercise a lot of effort and figure out what the answer is and then be overruled the next day by the Kentucky Supreme Court. Well, I would tell your honor, while I can't provide you a warranty that I would know about those state cases, I would be extremely surprised if there were state cases out there that were filed. Now, I would also point out, like this, I would also point out that there is a lawsuit filed by the Kentucky Attorney General against MERS. That is pending in state court. Is there any reason that just a single person couldn't bring an action against a Kentucky bank or a Kentucky financial institution and keep it in state court and get a state court decision? No reason I'm aware of. Given that, and I'll take the opportunity just to very briefly ask the opponents as well, in terms of certifying this to the Kentucky Supreme Court, kind of what's your view on it at this point? I know there was some agitation below about it, but the posture is different in the sense that we haven't put in the work that Judge Caldwell had at the time that motion was made. Do you have a position on that possibility at this point? Again, our view is that the issues are fully briefed, fully presented. The case law is, I think, long established on the points that are key, particularly the key issue that Judge Caldwell dealt with. And so, therefore, it's not, I don't think we're dealing with a situation, although the statute is to dump an interpreter in this context, we're not dealing with a situation where the law is without any guidance. So you would say you're not in favor of certification? Not in favor of certification. I think you're best shot with this group. Okay. Very briefly, opposing counsel, any view you wish to state? We've already stated they had that opportunity. We started in state court. Okay, but that's your position at this point as well. Okay, fine. Thank you very much. That case will be submitted.